UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL STRICKLEN,

       Petitioner,

                                     Case No. 14-CV-10567

v.

                                     Honorable Patrick J. Duggan

SHERRY BURT,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT

Proceeding pro se, Petitioner Cornell Stricklen filed this habeas corpus petition on February 7, 2014 challenging his 2000 Wayne County Circuit Court conviction and life sentence for first-degree felony murder.  On February 25, 2014, the Court transferred the case to the United States Court of Appeals for the Sixth Circuit as a "second or successive" habeas petition.  On August 28, 2014, the Sixth Circuit denied Petitioner authorization to file a second or successive habeas petition.

Petitioner now seeks relief from judgment or, in the alternative, adjudication of an unresolved claim pursuant to Federal Rule of Civil Procedure 60(b).  He asserts that his first habeas petition, which raised a jurisdictional claim, was not denied on the merits and thus argues that his subsequent habeas petition – the present one –  should

not have been deemed a second or successive petition.  He also asserts that his current habeas claims have merit and should be considered in federal court.

Under Federal Rule of Civil Procedure 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Petitioner is not entitled to relief under Rule 60(b).  The Court did not issue a final judgment in this case, but merely transferred the matter to the Sixth Circuit.  The Sixth Circuit denied Petitioner authorization to proceed on his claims.  This Court does not have authority to overturn that decision, which is essentially what Petitioner is asking the Court to do through his request to consider his present habeas petition on the merits.  *See White v. Carter*, 27 F. App'x 312, 313-14 (6th Cir. 2001) (district

2

court lacks authority to reinstate habeas petitioner's second or successive habeas petition after appellate court declines to grant leave to file such a petition); *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 720 (E.D. Mich. 2006) ("This Court, as an inferior court, is plainly subject to the review of the Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 1291. As such, by its very nature, this Court has no authority to reconsider the judgment of an appellate court. Restated, the very essence of the relationship between this Court and the Court of Appeals for the Sixth Circuit precludes this Court from altering any decision made by the Court of Appeals.").

Moreover, this Court did not err in transferring the habeas petition to the Sixth Circuit. If Petitioner wishes to challenge his state criminal convictions again, he must obtain authorization from the Sixth Circuit to file a second or successive habeas petition before proceeding in the district court on federal habeas review. *See* 28 U.S.C. §§ 1631 and 2244(b)(3)(A). The Sixth Circuit has denied that authorization.

For these reasons, Petitioner's motion under Rule 60(b) is **DENIED**.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2014
Copy to:
Cornell Stricklen

3