UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL STRICKLEN,

Petitioner,

v.

SHERRY BURT,

Respondent.
______________________________/

Case No. 14-CV-10567

Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On February 25, 2014, the Court issued an order transferring the present habeas petition to the Sixth Circuit as a second or successive request for habeas relief. After the Sixth Circuit denied Petitioner authorization to file a second or successive petition on August 28, 2014, Petitioner filed a motion for relief from judgment asking this Court to consider his habeas petition on the merits. The Court denied that motion on October 30, 2014. Petitioner now seeks a certificate of appealability (COA) and leave to proceed in forma pauperis on appeal.

A COA is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1603-04 (2000). When a court denies relief on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

Cognizant of *Slack*, judges in this district have adopted the following standard for determining whether a COA should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 08-CV-11660, 2012 WL 882727, at **2-3 (E.D. Mich. Mar. 15, 2012); *Carr v. Warren*, 05-CV-73763, 2010 WL 2868421, at *2 (E.D. Mich. Jul. 21, 2010).

Having reviewed the matter, the Court concludes that Petitioner is not entitled to a COA regarding the Court's denial of his Rule 60(b) motion because he fails to

demonstrate that jurists of reason would find it debatable that the Court erred in transferring his habeas petition to the Sixth Circuit or that the Court abused its discretion in denying his Rule 60(b) motion. Moreover, given that the Sixth Circuit denied Petitioner authorization to proceed on a second or successive petition, this Court has no authority to act on his underlying habeas claims. Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability.

The Court also concludes that an appeal from the Court's decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner's motion for leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2014

Copy to:
Cornell Stricklen